IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-72-BO-1

| | | |
|---|---|---|
| PAMMY GAIL CUMMINGS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the Court on Petitioner Pammy Gail Cummings' Motion to Amend [DE 67]. The Respondent has filed a Motion to Dismiss [DE 70]. The Respondent's Motion is granted and the Petitioner's Motion to Amend is dismissed.

I. BACKGROUND

Petitioner is currently in the custody of the Bureau of Prisons. She is serving a term of imprisonment for her August 5, 2002 guilty plea to narcotics and firearm offenses [DE 12].

In her Motion, Petitioner asks the Court to make voluntary her participation in the Inmate Financial Responsibility Program. Alternatively, she asks for the Court to alter her payment schedule.

II. DISCUSSION

A. Petitioner's Motion To Amend

Petitioner's instant Motion seeks post-conviction relief that can only be granted pursuant to 28 U.S.C. § 2255. Consequently, the Court characterizes Petitioner's Motion as a § 2255 petition because, at its core, it seeks to "vacate, set aside or correct"

this Court's original sentence. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998).

Section 2255(f)(1) contains a one-year statute of limitation period measured from the "the date on which the judgment of conviction becomes final." Regardless of whether the judgment is tied to the original sentence-whose appeal was decided in January of 2006-or the Court's reduction of Petitioner's sentence-which took place in October of 2008-Petitioner's current motion was filed beyond the one-year statute of limitations. Consequently, the Motion is untimely and is hereby dismissed.

Alternatively, given the nature of the Motion, Petitioner has attempted to file a subsequent § 2255 petition. As Petitioner has not satisfied the requirements of § 2255(h), the Motion is hereby dismissed as "second or successive."

B. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petitions, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in her habeas petition.

A certificate of appealabilty may issue only upon a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

### III. CONCLUSION

As set forth above, Respondent's Motion to Dismiss [DE 70] is GRANTED. Petitioner's Motion to Amend [DE 67] is hereby DISMISSED WITH PREJUDICE.

DONE AND ORDERED, this ___ day of June, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE