IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CRIMINAL NO. 7:02-CR-72-BO-1
CIVIL NO. 7:13-CV-278-BO

| | |
|---|---|
| PAMMY GAIL CUMMINGS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

This matter is before the Court on petitioner Pammy Gail Cummings's motion for reconsideration of the Court's December 30, 2013, order dismissing her motion to vacate under 28 U.S.C. § 2255 as second or successive. [DE 108].

Petitioner filed a § 2255 claim that this Court granted on November 1, 2012. [DE 89]. Petitioner's sentence was modified in an order issued on December 2, 2012. [DE 95]. Ms. Cummings now relies on *Maples v. Thomas*, to argue that she had one year from the date of the order modifying the sentence from the re-sentencing to file a new § 2255 motion.

Petitioner is incorrect. The Antiterrorism and Effective Death Penalty Act bars successive applications unless they contain claims relying on "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to case on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Ms. Cummings's second § 2255 motion does not rely on either of these exceptions and thus properly was considered successive.

Before such a petition is filed in the district court, the applicant must ask the Fourth Circuit Court of Appeals "for an order authorizing the district court to consider the application." 28 U.S.C., §§ 2255(h), 2244(3)(A). Because Ms. Cummings did not request and receive permission from the Fourth Circuit to file her second § 2255 motion, her motion was properly denied. The motion to reconsider [DE 110] is therefore DENIED.

SO ORDERED.

This the 8 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE