IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CRIMINAL NO. 7:02-CR-72-BO-1
CIVIL NO. 7:13-CV-278-BO

| | | |
|---|---|---|
| PAMMY GAIL CUMMINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

This matter is before the Court on petitioner Pammy Gail Cummings's second motion for reconsideration of the Court's December 30, 2013, order dismissing her motion to vacate under 28 U.S.C. § 2255 as second or successive. [DE 112]. For the reasons discussed herein, petitioner's motion is GRANTED.

## BACKGROUND

Petitioner filed a § 2255 claim that this Court granted on November 1, 2012. [DE 89]. Petitioner's sentence was modified in an order issued on December 2, 2012. [DE 95]. Ms. Cummings filed another motion to vacate on December 27, 2013. [DE 106]. This Court denied that motion as second or successive [DE 108], and then denied Ms. Cummings's first motion to reconsider on September 9, 2014 [DE 111]. Ms. Cummings now relies on *Magwood v. Patterson*, 561 U.S. 320 (2010), to argue that she had one year from the date of the order modifying the sentence from the re-sentencing to file a new § 2255 motion. She asks the Court to reconsider its decision that her December 2013 petition was second or successive [DE 112].

## DISCUSSION

Typically, when a petitioner does not obtain pre-filing authorization to file a successive § 2255 motion, the district court lacks jurisdiction and must dismiss the case. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). In *Magwood*, however, the Supreme Court clarified that "where . . . there is a new judgment intervening between . . . two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." 561 U.S. at 340–41 (citation and internal quotation omitted).

AEDPA uses the phrase "'second or successive' as a 'term of art.'" *Id.* at 344 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 ((2000)). The phrase appears in both 28 U.S.C. § 2244, which was at issue in *Magwood*, and in § 2255. Though the Fourth Circuit has not explicitly addressed whether *Magwood*'s holding applies to § 2255 cases, several other circuits have so held. *See, e.g., Suggs v. United* States, 705 F.3d 279, 283 n.1 (7th Cir. 2013), *cert. denied*, 133 S.Ct. 2339 (2013) (applying "analysis and reasoning based on section 2254's treatment of second or successive petitions to section 2255" because the two statutes are parallel); *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) ("The phrase [second and successive] appears in both § 2244 and § 2255 and it carries the same meaning in both provisions."); *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) ("Although the *Magwood* rule was announced in the context of § 2254 . . . the rule applies with equal force to § 2255 . . . ."). This Court finds the reasoning in these cases persuasive. Applying *Magwood*'s reasoning to petitions filed under § 2255 is logical and appropriate, and the Court will do so here.

In *Magwood*, the Supreme Court expressly declined to consider whether § 2244(b) allows "a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting *new* sentence, but also his original, *undisturbed* conviction."

2

*Magwood*, 561 U.S. at 342. Numerous circuit courts have concluded, however, that "the latter of two petitions is not second or successive if there is a new judgment intervening between the two habeas petitions." *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (internal quotations omitted), ; *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) ("It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both."); *see also Lampton*, 667 F.3d at 588 ("Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed."). These decisions are based upon the recognition that "[i]n light of *Magwood*, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." *Johnson*, 623 F.3d at 46. Because courts must "treat the judgment of conviction as one unit, rather than separately considering the judgment's components, *i.e.*, treating the conviction and sentence for each count separately[,]" a new judgment results from imposition of a new sentence. *Wentzell*, 674 F.3d at 1127–28. The Court recognizes that other circuit courts have declined to following this line of reasoning and have held that subsequent § 2255 petitions are successive if petitioner raises claims in the second petition that he could have raised in the first. *See, e.g., Suggs*, 705 F.3d at 284–85. The Fourth Circuit has not addressed this issue, however, and the Court is more persuaded by the logic of the Ninth, Second, and Fifth Circuits.

Ms. Cummings's sole claim in her first § 2255 was that she was innocent of her conviction on Count Four of her indictment, a violation of 18 U.S.C. § 922(g), based on the Fourth Circuit's decision in *United State v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [DE 80]. Her motion was granted on December 20, 2012. [DE 90]. She was subsequently re-sentenced and her

judgment was amended to reflect the new sentence and vacated conviction. [DE 94, 95]. The instant § 2255 was filed on December 27, 2013, after the re-sentencing. [DE 106]. In this motion, Ms. Cummings challenges her conviction and sentence via claims of prosecutorial misconduct, violation of her civil rights, and ineffective assistance of counsel. [DE 106]. Because Ms. Cummings is challenging the new judgment, the Supreme Court's decision in *Magwood* counsels that the instant motion is not second or successive.

Accordingly, Ms. Cummings's second motion to reconsider [DE 112] is GRANTED. For the reasons stated herein, petitioner's December 27, 2013, motion to vacate pursuant to 28 U.S.C. § 2255 [DE 106] is not second or successive. As the motion is not second or successive, the Court has jurisdiction over the case and the case will proceed.

## CONCLUSION

Petitioner's motion to reconsider [DE 112] is GRANTED. Petitioner's December 27, 2013, motion to vacate [DE 106] is not second or successive, and the Court has subject matter jurisdiction over the case. Accordingly, the United States Attorney is DIRECTED to file a response to petitioner's motion within forty (40) days.

SO ORDERED, this __16__ day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE